UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
GINO D'AMICO,

      Petitioner,      **REPORT AND RECOMMENDATION**

  -against-

                 04 Civ. 2253 (CS) (GAY)

JAMES T. CONWAY,

      Respondent.
--------------------------------------------------------X

TO THE HONORABLE CATHY SEIBEL, United States District Judge:

  On or about May 23, 1997, following a jury trial in Orange County, New York, petitioner Gino D'Amico was convicted of three counts of first degree assault, and one count each of first degree reckless endangerment, first degree criminal possession of a dangerous weapon and third degree criminal possession of a weapon. On August 6, 1997, he was sentenced to concurrent terms of imprisonment of twelve and one-half to twenty-five years on the assault counts and two and one-half to seven years on the reckless endangerment count, as well as consecutive terms of imprisonment of twelve and one-half to twenty-five years and three and one-half to seven years on the weapons counts. Petitioner is presented incarcerated at the Eastern Correctional Facility in Napanoch, New York.

  Petitioner timely appealed the judgment of conviction to the Appellate Division, Second Department, on the grounds that (1) his statement to the police was involuntary, (2) new evidence warranted a new trial, (3) the verdict was against the weight of the evidence and (4) his sentence was excessive. The Second Department, by Decision

and Order dated July 30, 2002, modified the judgment by directing that the sentences imposed for each count of assault shall run concurrently and, as so modified, affirmed the judgment of conviction. See People v. D'Amico, 296 A.D.2d 579, 745 N.Y.S.2d 722 (2d Dep't 2002). The New York Court of Appeals denied petitioner leave to appeal on November 12, 2002. See People v. D'Amico, 99 N.Y.2d 534, 782 N.E.2d 573, 752 N.Y.S.2d 595 (2002).

On or about February 17, 2004, petitioner timely filed a *pro se* Petition for a Writ of Habeas Corpus wherein he asserted that he was entitled to habeas relief because (1) his incriminating statement should have been suppressed as it was obtained in violation of his *Miranda* rights, (2) the imposition of consecutive sentences violated his Eighth Amendment rights and (3) he was entitled to a new trial based upon the discovery of new evidence. While his habeas petition was pending, petitioner retained Barry M. Fallick as counsel. By letter dated April 7, 2006, Mr. Fallick informed this Court (Judge Stephen C. Robinson) that he had been newly retained and that he had contemporaneously filed a *coram nobis* petition in the Appellate Division, Second Department. Mr. Fallick requested a stay of consideration of the habeas petition pending exhaustion of the ineffective assistance of appellate counsel claim. By Order dated May 22, 2006, Judge Robinson granted the stay until thirty days after state court exhaustion was completed.

The Second Department, by Decision and Order dated July 25, 2006, denied the petition for error *coram nobis*. See People v. D'Amico, 31 A.D.3d 782, 818 N.Y.S.2d 481 (2d Dep't 2006). The New York Court of Appeals denied petitioner leave to appeal the denial of his *coram nobis* application on December 4, 2006. See People v. D'Amico, 7 N.Y.3d 924, 860 N.E.2d 995, 827 N.Y.S.2d 693 (2006). During the pendency of

petitioner's writ of error *coram nobis*, Mr. Fallick became terminally ill and passed away. The habeas petition was never amended to include the issue which had been raised in the *coram nobis* application.

On November 18, 2007, the habeas petition was reassigned to Judge Charles L. Brieant.  By Memorandum and Order dated September 21, 2007, Judge Brieant denied the habeas petition in its entirety for want of merit.

Petitioner timely filed Notice of Appeal and, by motion dated December 20, 2007, moved the Second Circuit (by and through counsel) for a certificate of appealability and for permission to file a second or successive habeas corpus petition.  On April 18, 2008, the Second Circuit denied the request for the certificate of appealability and denied petitioner's request for authorization of a second or successive habeas petition as unnecessary.[1]  The Second Circuit specifically held that the subsequent petition was outside the AEDPA's gatekeeping provision for second or successive petitions because his motion for a certificate of appealability was pending at the time he sought leave to file the successive petition.  See Whab v. United States, 408 F.3d 116, 120 (2d Cir. 2005) ("For the purposes of determining whether the petition is "second or successive" . . ., we will deem it filed on the day of either its filing in the district court or of the filing of a gatekeeping application in the court of appeals.").  The Second Circuit accordingly transferred petitioner's application concerning a second or successive habeas petition to this Court "for whatever further action the district court finds appropriate, as if it has been filed directly in the district court."

---

[1] The Mandate issued on June 25, 2008.

Presently before this Court is petitioner's motion to either amend his original petition or file a second habeas petition in order to present to this Court the one issue raised in his *coram nobis* application.[2] The instant motion is unopposed.[3]

In the first instance, petitioner's request to amend the original petition is procedurally inappropriate because his two habeas petitions were never, and will never be, before this Court simultaneously. See id. at 119. Nonetheless, under the circumstances of this case and given the lack of opposition to the instant motion, I find no abuse of the writ and conclude, as a matter of equity, that petitioner is entitled to relief. Accordingly, I respectfully recommend that petitioner should be allowed to file a second habeas petition, limited to the issue of ineffectiveness of appellate counsel as asserted in his writ of error *coram nobis*.

## NOTICE

Pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 8(b)(3) of the Rules governing § 2254 proceedings, the parties shall have ten (10) days from receipt of this Report to serve and file written objections to this Report and Recommendation. If copies of this Report are served upon the parties by mail, the parties shall have thirteen (13) days from receipt of this Report to file and serve written objections. See Rule 11 of the Rules governing § 2254 proceedings; Fed. R. Civ. P. 6(d). Such objections, if any, shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of The

---

[2] Petitioner is represented by Jillian S. Harrington from Mr. Fallick's firm. Ms. Harrington also represented petitioner on appeal to the Second Circuit.

[3] Petitioner duly filed an Affirmation of Service annexed to the instant motion.

4

filed with the Clerk of the Court, with extra copies delivered to the chambers of The Honorable Cathy Seibel at the United States District Court, Southern District of New York, 300 Quarropas Street, White Plains, New York, 10601, and to the chambers of the undersigned at said Courthouse.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered. See Caidor v. Onondaga County, 517 F.3d 601, 604 (2d Cir. 2008).

Requests for extensions of time to file objections must be made to the Honorable Cathy Seibel and not to the undersigned.

Dated: October 29, 2008
White Plains, New York

Respectfully Submitted,

_____
GEORGE A. YANTHIS, U.S.M.J.

5